UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUANDELL HICKMAN,

           Plaintiff,

-against-

THE LEGAL AID SOCIETY; BRITTNEY ROSE CURTIS,

           Defendants.

19-CV-5294 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, who recently was released from the Manhattan Detention Complex (MDC), brings this *pro se* action under 42 U.S.C. § 1983, alleging that his criminal defense lawyer violated his rights. He also asserts a legal malpractice claim under state law. By order dated June 17, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth in this order, the Court orders Plaintiff to show cause, within 30 days of the date of his order, why the Court should not dismiss this action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are taken from the complaint: From May 8, 2019, to June 11, 2019, Defendant Brittney Rose Curtis "displayed insufficient counsel and ineffective assistance of counsel" when she represented Plaintiff during his parole revocation proceedings. (Compl. at 4.) Specifically, on May 8, 2018, Curtis failed to ensure Plaintiff's release from custody after the trial court presiding over the proceedings ordered that his parole be revoked and that he be "restore[d] to the Fortune Society or a program similar to it." (*Id.*) But because "the Fortune Society co[o]rdinator wasn't in court and Ms. Brittney Rose Curtis was too lazy to ask for a second call," Plaintiff was not released from custody. (*Id.*) The trial court scheduled the next court date for June 11, 2019, but provided Curtis with the opportunity to "get everything in order [so] she [could] enter the plea early so [Plaintiff could] be released as soon as possible." (*Id.*) But "Curtis allowed the prosecutor to leave with out [sic] picking a parole violation charge to release [Plaintiff] on." (*Id.*)

From MDC, Plaintiff "called the Fortune Society and made a[n] appointment for 5-16-19 and called Ms. Curtis so she [could] get the paperwork to the judge." (*Id.* at 4-5.) Plaintiff called Curtis every day and spoke with her supervisor, but it took two weeks for Plaintiff to "sign the plea . . . and [Curtis] still never entered it." (*Id.* at 5.)

Plaintiff asserts that Curtis "violat[ed] [his] due process rights." (*Id.* at 5.) He seeks $500,000; he also states that "Curtis should not be allowed to work as a[n] attorney." (*Id.*)

Plaintiff also brings claims against the Legal Aid Society (LAS), located in New York, where Curtis most likely works.

## DISCUSSION

**A.      Due Process Claim**

Because Plaintiff states that Curtis violated his constitutional rights, and specifically his due process rights, the Court construes this claim as arising under 42 U.S.C. § 1983.

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983).

As Curtis is a private party who does not work for any state or other government body, Plaintiff has not stated a claim against this defendant under § 1983.

**B.     State Law Claim**

Ordinarily, when a federal court has dismissed federal claims, it can decline to exercise supplemental jurisdiction. Here, it is possible that the Court has diversity jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1332.

To establish jurisdiction under § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). An individual is a citizen of the State where he is domiciled, which is defined as the place where a person "has his true fixed home . . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). When a prisoner is incarcerated in a state different from his previous domicile, there is a rebuttable presumption that the prisoner retains his preincarceration domicile rather than acquiring a new domicile. *See Housand v. Heiman*, 594 F.2d 923, 925 n.5 (2d Cir. 1979); *Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007).

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff names as defendants the LAS, which is in Manhattan, and Curtis, for whom he does not provide an address, most likely because he does not know the address. For himself, he lists MDC's address as his own. But on the envelope in which his complaint was mailed,[2] he provides a New Jersey address as the return address. Thus, Plaintiff could be domiciled in New

---

[2] It is not clear who mailed the complaint. Even if it was mailed from New Jersey, someone other than Plaintiff could have mailed it.

4

York, where his criminal proceedings appear to have transpired, or New Jersey, where he now lives. If New Jersey is his domicile, the Court may have jurisdiction over his legal malpractice claim under the diversity-of-citizenship statute.

## ORDER TO SHOW CAUSE

The Court orders Plaintiff, within 30 days of the date of this order, to state facts showing that he resided in New Jersey before he filed this action. If Plaintiff fails to comply with the Court's order within the time allowed or does not show good cause for his failure to comply, the Court will dismiss this action without prejudice for lack of subject matter jurisdiction. *See Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.").

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

The Court orders Plaintiff, within 30 days of the date of this order, to state facts showing that he resided in New Jersey before he filed this action. A declaration form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: July 16, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|
| Name | Prison Identification # (if incarcerated) |
| Address / City / State / Zip Code | |
| Telephone Number (if available) | E-mail Address (if available) |